PHILLIPS LEE GOLDSBOROUGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24818. Promulgated November 12, 1929.

*William LeRoy All, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

182

OPINION.

GREEN: The sole issue in controversy is whether the $5,757.25 paid by the petitioner to his mother-in-law represents an allowable deduction.

The points relied upon by the petitioner, as stated in his brief, are as follows:

1. That the payment of said amount to Mrs. Showell was in fulfillment of a legal and enforceable obligation.

2. That the said payment was in fulfillment of a moral obligation and was made under circumstances which render the amount thereof deductible.

3. That the said payment represents a loss to the taxpayer on a transaction entered into for profit.

The statute does not permit the deduction from gross income of all losses which a taxpayer may suffer. Section 214 (a) of the

Revenue Act of 1921 specifically designates the kind of losses which may be deducted as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

* * * * * * *

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

(6) Losses sustained during the taxable year of property not connected with the trade or business * * * if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise. * * *

It is clear that unless the amount of $5,757.25 which the petitioner paid his mother-in-law in 1922, as a result of his promise to reimburse her in case of loss, can be brought within one of the three above paragraphs of section 214 (a), it should not be allowed as a deduction from gross income on account of losses sustained during the taxable year and not compensated for by insurance or otherwise. It was not a loss "incurred in trade or business" and the petitioner does not so contend. Neither do we think it was "incurred in any transaction entered into for profit." The petitioner argues in his brief that "the amount of the profit which could be realized by her, either through appreciation of the value of the securities or increased income therefrom, was also the exact measure of profit to be realized by the taxpayer." As we look at the situation, if there had been a profit from the transaction, that profit would have belonged to Mrs. Showell and not to the petitioner. The petitioner was in no position to gain anything over and above that which he already had. The only benefit which it was possible for him to derive in case the investment by Mrs. Showell proved successful was to be relieved from his promise to make good any loss that she might sustain as the result of the investment. We do not think that such a benefit is a "profit" within the meaning of the statute allowing as deductions losses "incurred in any transaction entered into for profit." As was said in *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170, "the mere diminution of loss is not gain, profit, or income." Finally, we do not think the amount is deductible under section 214 (a) (6) quoted above. The loss did not arise from fires, storms, shipwreck, or from theft. Nor does it come within the term "or other casualty" for, as we said in *Fred J. Hughes*, 1 B. T. A. 944, 946:

In order that a loss sustained by an individual may be deductible from gross income as a casualty under this provision of law it must be made to appear that the casualty was of a similar character to a fire, storm, or a shipwreck.

We are, therefore, of the opinion that the respondent was correct in refusing to allow the amount in question of $5,757.25 as a deduction from gross income.

*Judgment will be entered for the respondent.*